IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH WILBUR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 17-cv-00276-KD-C |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the Magistrate Judge's Corrected Report
and Recommendation, Plaintiff Joseph Wilber, Jr.'s objection, and his supplement
to the objection (docs. 47, 48, 49).

The Magistrate Judge recommended dismissal with prejudice as to Plaintiff's
claims against the Defendant on basis that they are either time barred or fall
within the discretionary function exception to the Federal Tort Claims Act.
Specifically, the Magistrate Judge found that any claims that accrued before
October 2014 are time barred (doc. 47, p. 10).

In Plaintiff's objection, he argues that the statute of limitations should be
tolled on his claim that the Department of Labor Office of Inspector General
negligently prepared an investigation report (which occurred between April and
August 2013) (doc. 48, p. 13-14). Specifically, he argues that the DOL/OIG
suppressed the investigation report and that he should have had access to it.[1]

---

[1] Plaintiff states that he "was not given the right to defend himself, not interviewed, exculpatory
evidence ignored, biased statements from management, violation of Union Collective Bargaining

Putting aside the merits of the negligence claim, Plaintiff cannot sustain a claim to equitable tolling.

To the extent the 2013 DOL/OIG investigation was a criminal investigation, Plaintiff had no right as an employee to be notified of a criminal investigation or to receive the results. To the extent the investigation was a disciplinary investigation, Plaintiff had no right to receive the investigation report unless disciplinary proceeding were initiated.  Plaintiff cites to Article 13 of the Collective Bargaining Agreement as evidence of his right to have been notified of the investigation and the report (doc. 48, p. 12).  However, Article 13 applies to disciplinary actions. Captioned "Disciplinary Actions" the Article sets forth in Section 4, captioned "Evidence", as follows:

> A. An employee will, in any disciplinary action, be furnished a copy of all material relied on by Management which formed the basis for the reasons and specifications.
>
> B. If the discipline is based on an investigative report, the employee will be furnished all written documents from the investigation which are disclosable in accordance with applicable law, rule, or regulation.
>
> C. The documentation specified in Subsections A and B above will be attached to the notice of proposed disciplinary action.
>
> D. Evidence which Management is not permitted to divulge to an employee under applicable law, rule, or regulation will not be used against the employee.

(Doc. 29-1, p. 48-49).

---

Agreement, withholding evidence, which directly impacted economic viability of the Plaintiff by submitting a negligent investigation to a prospective employer." (Doc. 48, p. 16)

Plaintiff has not alleged that a Disciplinary Action was initiated against him based on the 2013 investigation.[2] Plaintiff resigned before any disciplinary proceedings were initiated.[3] Accordingly, the Department of Labor did not improperly suppress the investigation report. Consequently, Plaintiff has failed to provide a basis for equitable tolling of his claim for negligent preparation of the investigation report.

Therefore, after due and proper consideration of all issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and dated April 6, 2018, is **ADOPTED** as the opinion of this Court.

**DONE** this 7th day of May 2018.


**s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] Amended Complaint, Doc. 9, p. 2-7 (chronology of events). Also, in his objection, Plaintiff states that "although no charges were filed, however the OIG report was sent to another hiring agency …" (doc. 48, p. 2-3). Again, this statement indicates that no disciplinary action was initiated against him.

[3] Plaintiff alleges that he resigned in July 2013 (doc. 9, p. 6). The DOL/OIG report indicates that the investigation was closed in August 2013, but prior to Plaintiff's resignation, the agent was preparing for an interview (doc. 1-5) ("SA Barnett was preparing to attempt to interview Wilbur. However, several investigative actions required SA Barnett to await documentation … However, before the subpoenas were issued by DOL OIG OLRFI Office of Legal Counsel, Wilbur informed OSHA Management of his (Wilbur) intention to resign his position as an OSHA Compliance Safety and Health Officer.").