IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH WILBUR, JR., | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 17-0276-KD-C |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

# ORDER

This action is before the Court on Plaintiff Joseph Wilbur, Jr.'s Notice of Appeal, Motion to Proceed without Prepayment of Fees and Motion for *In Forma Pauperis*/Transcript (docs. 52, 52-1, 57). Plaintiff's motions are governed by 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure. Section 1915 sets forth in relevant part, as follows:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C.A. § 1915(a)(1)&(3).

Plaintiff was previously granted leave to proceed *in forma pauperis* (doc. 3). Therefore Rule 24 sets forth in relevant part, as follows:

> (3) Prior Approval. A party who was permitted to proceed *in forma pauperis* in the district-court action, . . . may proceed on appeal *in forma pauperis* without further authorization, unless:

> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding; …

Fed. R. App. P. 24(a).

Thus, Plaintiff must show that he is not financially able to pay the filing fees for the appeal and that his appeal is taken in good faith. With respect to financial ability to pay, Plaintiff has submitted a motion to proceed without prepayment of fees in substantial compliance with Fed. R. App. P. 24(a)(1)(A). Plaintiff states that he has been unemployed since July 2013 and lives with friends who provide his basic needs. He also stated that "from time to time" his family will send "aid for hygiene supplies" (doc. 52-1, p. 3). Plaintiff reports that he has no savings or investments, his home has been foreclosed, his car has been repossessed and he owes child support. The Court finds that Plaintiff has sufficiently shown that he is unable to pay the filing fees for the appeal.

Plaintiff must also show that his appeal is taken in good faith. As a starting point, Plaintiff must submit an "affidavit that … claims an entitlement to redress; and … states the issues that [he] intends to present on appeal." Fed. R. App. P. 24(a)(1)(A)&(C). Plaintiff's Notice of Appeal and Motion for *In Forma Pauperis*/Transcript, although not sworn in the manner of an affidavit, sufficiently comply with these requirements.[1] The Court next looks to whether the claims and issues submitted show that the appeal is taken in good faith. Generally, a "party

---

[1] "We must construe Elmore's *pro se* proposed notice of appeal liberally." *Elmore v. Cooper*, 427 Fed. Appx. 831, 832, n.1 (11th Cir. 2010) (citing *Bellizia v. Fla. Dep't of Corr.*, 614 F.3d 1326, 1329 (11th Cir. 2010) ("We construe *pro se* filings ... liberally.")).

demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers Nat. Bank*, 271 Fed. Appx. 858, 859 (11th Cir. 2008) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). If the "legal theories" on appeal are "indisputably meritless", or "without arguable merit either in law or fact", the appeal is frivolous and not brought in good faith. *Id*. at 859-860 (citation omitted). Thus, the Court cannot grant leave to proceed *in forma pauperis* if the issues on appeal are frivolous. *Coppedge*, 369 U.S. at 445.

Plaintiff was employed as a Safety Compliance Office with the Department of Labor's Occupational Safety and Health Administration (OSHA) until he resigned on July 25, 2013. During the last few years of employment, Plaintiff made several complaints regarding the sexually-inappropriate conduct of certain co-workers and the hostile work environment in the office.[2] Also, in February 2013, the DOL's Office of Inspector General opened a confidential investigation into alleged criminal conduct on the part of Plaintiff. He was alleged to have falsely testified and possibly committed perjury during an OSHA hearing. At the time of resignation, Plaintiff was not aware of the confidential investigation into the alleged criminal conduct.[3] After he resigned, Plaintiff filed complaints with various entities and eventually the Merit Systems Protection Board (MSPB). His appeals process ended with the MSPB's

---

[2] Plaintiff claimed that he had been constructively discharged because of his complaints regarding the hostile work environment (doc. 25-4, ALJ decision of February 24, 2014). He also alleged "whistleblower retaliation" (doc. 25-3, ALJ dismissal March 23, 2016).

[3] Plaintiff was aware of the OIG investigation as early as March 10, 2014. He alleges that a prehearing conference was held that day and at the conference, he "orally requested that the appeal be dismissed without prejudice pending the outcome of a related investigation by the agency's Office of Inspector General" (doc. 42, Plaintiff's Supplement to his Pre-Hearing Brief (doc. 40)). He also included copies of his FOIA requests to obtain a copy of documents related to the investigation.

affirmation of decisions to dismiss his complaints.

Plaintiff applied for a position with the United States Customs and Immigration Service and received a tentative job offer on April 17, 2014. In November 2014, the USCIS sent Plaintiff an "Agency's Notice of Proposed Action" (NOPA) to withdraw the job offer based upon charges of misconduct or negligence in employment identified in the August 2013 DOL-OIG report. As a result of the investigation into the alleged perjury,[4] other work deficiencies were discovered. The withdrawal of the tentative job offer was based on four specific instances of work deficiencies including the report of false testimony at an OSHA hearing. (February 5, 2015 letter, doc. 25-7). The NOPA also provided notice to Plaintiff that he could obtain the materials relied upon, that he had the right to representation, the right to answer the NOPA in writing and to furnish documentation or affidavits in support of his answer (doc. 25-7). Plaintiff did not answer at that time.[5] On February 5, 2015, the USCIS withdrew the offer.

Plaintiff mailed his administrative claims to the appropriate Federal agency in October 2016. Plaintiff alleged that the DOL-OIG intentionally, negligently or in retaliation for his earlier complaints regarding the hostile work environment, released the report to USCIS, which resulted in Plaintiff losing the tentative job offer and receiving a bar from federal employment. This claim was denied in November 2017.

On June 19, 2017, Plaintiff filed a complaint pursuant to the FTCA in this Court. Initially, Plaintiff claimed of abuse of process, negligence, retaliatory prosecution, bad faith investigation and breach of agreement (doc. 1). Plaintiff amended his complaint and alleged

---

[4] The United States Attorney declined prosecution of the perjury allegation.

[5] Plaintiff asserted that he was deployed and could not answer, but he did make a post-deployment answer (doc. 33-1, MSPB order).

4

only negligence and intentional infliction of emotional distress, based upon the same factual allegations (doc. 9).

Defendant United States filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The United States argued that this Court lacked subject matter jurisdiction because Title VII of the Civil Rights Act and the Civil Service Reform Act provided the exclusive remedy for employment claims. Alternatively, the United States argued that assuming Plaintiff's federal employment claims could be brought under the FTCA, the claims were either time-barred or barred by the discretionary function exception to the FTCA.

The Magistrate Judge found that Plaintiff's claims against the United States based on acts or omissions occurring before the October 2014 were time barred. This decision included Plaintiff's FTCA claims based on the DOL-OIG's failure to notify him that an investigation was underway and that a report was generated. The Magistrate Judge also found that the only act taken by the Defendant occurring after October 2014, was the February 5, 2015 notice from USCIS that it rescinded the offer of employment based upon the DOL-OIG's release of the report to the USCIS. The Magistrate Judge found that these tort claims were due to be dismissed because the United States was entitled to the discretionary function exemption with respect to the DOL-OIG's decision to release the report to the USCIS.

The Court considered Plaintiff's objections to the Report and Recommendation, including his argument that the statute of limitations was equitably tolled on his FTCA claims based upon the DOL-OIG's alleged negligent or bad faith preparation of the investigative report and its suppression of notice to Plaintiff that an investigation was underway and that a report had

been generated.[6] The Court adopted the Report and Recommendation and found that the DOL-OIG had not improperly suppressed the notice and that equitable tolling was not available. The Court found that Plaintiff was not entitled to notice of the DOL-OIG's criminal investigative report. However, the Plaintiff would have been entitled to receive notice of the DOL-OIG report to the extent that it reported deficient work performance, but only if there had been a disciplinary action. Since Plaintiff resigned before any disciplinary action was instituted (none ever was), he was not entitled to notice, and therefore, the DOL-OIG did not improperly suppress notice of the report.

An overall reading of the Notice of Appeal and Motion for *In Forma Pauperis*/transcript shows that Plaintiff primarily raises two issues on appeal. He asserts that the Court erred in finding that the United States was entitled to the discretionary function exemption, found in 28 U.S.C. § 2680(a) of the FTCA, with respect to the DOL-OIG's decision to release the report to the USCIS (docs. 52, 57, p. 2-4). He also asserts that the Court erred by finding that his claim for negligent preparation of the August 2013 DOL-OIG report was barred by the applicable statute of limitation and that he could not establish equitable tolling (doc. 57, p. 4).

With respect to the first issue, Plaintiff first asserts that this Court erred because it "did not apply Federal Tort Claims Act (FTCA) statutes." (Doc. 52). Plaintiff cites to 28 U.S.C. § 1346(b) which states that, subject to the provisions of the FTCA, the federal district courts have jurisdiction over civil actions on claims against the United States caused by the negligent or

---

[6] Plaintiff asserts that if he had received notice, he would have exercised his right to representation and sought corrections of the false statements that were in the investigative report (doc. 57). Thus, as a result of the alleged negligent failure of the DOL-OIG to give him notice of the investigation and the report, Plaintiff did not have an opportunity to respond, and was harmed when the unopposed report was released to the USCIS, the job offer withdrawn, and a three-year ban on government employment imposed.

wrongful act or omission of a government employee "while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant…". Plaintiff also cites to the FTCA, specifically 28 U.S.C. § 2680(h), which sets forth as follows:

> The provisions of this chapter [the FTCA] and section 1346(b) of this title shall not apply to--
>
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.
>
> 28 U.S.C.A. § 2680(h) (italics in original).

Plaintiff appears to assert that these two statutes work together to waive the discretionary function exemption for the DOL-OIG's decision to release the report to the USCIS (doc. 52). He argues that because § 1346(b) gives the Court jurisdiction over acts or omissions by government employees "acting within the scope of" their employment and because the "proviso" in § 2680(h) provides that the FTCA and § 1346(b) apply to certain tort claims against investigative or law enforcement officers, such as the DOL-OIG, the Court erred in finding that the United States was entitled to discretionary function exemption (docs. 52, 57, p. 3-4).

Plaintiff's argument is without merit. Despite the existence of § 2680(h) and § 1346(b), § 2680(a) of the FTCA specifically provides a discretionary function exemption from tort liability resulting from the exercise or performance of a discretionary function or duty "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Thus, although § 1346(b) states that the

government employee must be acting within the scope of their employment, that is not the final say on the issue, since the discretionary function exemption also applies. Moreover, Plaintiff did not sue the United States for the claims listed in the proviso in § 2680(h): assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. Although abuse of process was plead in Plaintiff's initial complaint, he amended his complaint to raise only two claims: Negligence and Intentional Infliction of Emotional Distress.[7]

While the "proviso" brings limited conduct of specifically defined investigative or law enforcement officers back within the scope of the FTCA, nothing in § 1346(b) or § 2680(h) waives the discretionary function exemption set forth in § 2680(a) of the FTCA. Instead, the "discretionary function exception, embodied in the second clause of § 2680(a), marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *Rutherford v. United States*, 295 F. Supp. 3d 1258, 1267 (N.D. Ala. 2017) (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense* (*Varig Airlines)*, 467 U.S. 797, 808, 104 S. Ct. 2755, (1984)); *Swafford v. United States*, 839 F. 3d 1365, 1369 (11th Cir. 2016) (explaining that if the discretionary function exception applies, the court "would lack jurisdiction over this action.").

Plaintiff next asserts that the Court erred by finding that the United States was entitled to the discretionary function exemption for its failure to notify Plaintiff as to the DOL-OIG report, i.e., the "disposition", because the United States "violated policy in regards to disposition of its

---

[7] "In Alabama, 'an abuse of process claim is proper only when the action results in the issuance of some form of special process from the court, such as a writ of garnishment.'" *Shuler v. Duke,* 2018 WL 2445685, at *10 (N.D. Ala. May 31, 2018) (quoting *Ramsey v. Leath*, 706 F.2d 1166, 1169 (11th Cir. 1983)). Plaintiff has not alleged that any process issued as a result of the DOL-OIG investigation or the release of the investigation report to the USCIS.

findings after the investigation…" and that a "violation of clearly established policy/or regulation voids 'discretionary function'" (doc. 57, p. 2). Plaintiff appears to assert that because the United States, specifically the DOL-OIG, did not notify him, it "obstructed judicial proceedings"[8] and by implication, took a "disciplinary action" against him by releasing the report to the USCIS and causing the withdrawal of the job offer (doc. 57, p. 2-3).[9] The "policy" appears to be Articles 13 and 14 of the Collective Bargaining Agreement which generally require notice to an employee of the investigation before taking disciplinary action.

This issue is without merit.  The Court did not find that the discretionary function exemption applied to the DOL-OIG's failure to notify Plaintiff as to the disposition of the investigation or the report. The Court found that claims based on this act or omission were time barred because the conduct occurred before October 2014 and that Plaintiff had not established equitable tolling (doc. 50).

Similarly, Plaintiff also complains that the United States was not entitled to discretionary

---

[8] Plaintiff references a prehearing conference with an Administrative Law Judge in March 2014, at which Plaintiff "orally requested that the appeal be dismissed without prejudice pending the outcome of the related investigation by the agency's" OIG (doc. 57, p. 2).

[9] Also as an issue for appeal, Plaintiff asserts that the Court erred in finding that the United States was entitled to the discretionary function exemption because it, by way of the DOL-OIG, had violated 5 U.S.C. § 3322.  This statute addresses "voluntary separation before resolution of personnel investigation" for "any employee occupying a position in the competitive service or the excepted service who is the subject of a personnel investigation" that "resigns from Government employment prior to the resolution of such investigation" 5 U.S.C. § 3322(a).  The statute requires notice to the employee in certain circumstances.  However, Plaintiff did not raise this statutory requirement in defense of the United States' motion to dismiss or in his objections to the Report and Recommendation.  Since this issue is raised for the first time on appeal, it cannot be considered by the Court. *Rose v. M.C. Dean, Inc.,* - - - Fed. Appx. - - -, 2018 WL 3005829, at *2 (11th Cir. June 15, 2018) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (citation omitted).   Thus, this argument has no basis in law and is without merit.

function exemption from Plaintiff's claims with respect to the investigation and preparation of the DOL-OIG report. Specifically, Plaintiff argues that the Court "granted sovereign immunity and abused its discretion where term 'criminal investigation' strikes an employee rights to representation/or access to falsified documents . . ." (*sic*) (doc. 57, p. 2). Plaintiff also asserts that "simply labeling 'criminal investigation' does not hinder employee right to representation, or an ability to correct erroneous information contrary to erred holding of the District Court[.]" (Id.).

The Court interprets these sentences as Plaintiff's allegation that the Court erred by finding that the United States was entitled to the discretionary function exemption from FTCA claims related to the DOL-OIG investigation and preparation of the report because OIG was conducting a criminal investigation. However, that was not the Court's finding. Instead, the Court found that claims related to the investigation and preparation of the report, whether as a criminal investigation or a disciplinary investigation, were time barred under the two-year limitation period set forth in the FTCA and that Plaintiff could not show equitable tolling as to those claims (doc. 50). The Court did not find that the United States was entitled to the discretionary function exemption. Therefore, this issue for appeal is without merit.

Plaintiff also asserts error in the Court's decision that equitable tolling did not apply to toll the FTCA statute of limitations as to claims arising from conduct that occurred before October 2014 (doc. 57, p. 3-4). Plaintiff asserts that the Court erred by ignoring his argument that these claims were part of "continuing violations" that began with the United States' "concealment of erroneous information" in violation of federal policy or regulations, *i.e.*, failure to notify Plaintiff of the DOL-OIG investigation and report as required by the Collective Bargaining Agreement regarding disciplinary actions, and "negligent dissemination of erroneous

information" *i.e.*, the release of the report to the USCIS, which resulted in the withdrawal of the job offer and the three year ban on federal employment. (Id.) Plaintiff argues that these events "could not simply be explained away according to Magistrate recommendations" (*sic*) (Id., p. 4).

The Court finds no merit to Plaintiff's argument. The Magistrate Judge found, and this Court adopted that finding, that the DOL-OIG investigation in 2013 and the release of the results of the investigation to the USCIS in 2014 were discrete acts which did not extend the statute of limitations for claims related to the investigation and preparation of the DOL-OIG report (doc. 47, p. 10, n. 3). The Magistrate Judge explained that courts must distinguish "between the present consequences of a one time violation, which does not extend the limitations period, and the continuation of a violation into the present, which does." (Id.). Assuming for purpose of argument that the DOL-OIG's failure to notify Plaintiff about the investigation and the report was a negligent act or a violation, the omission was a one-time violation. The USCIS's decision to withdraw the job offer and place Plaintiff on a three-year ban from federal employment after receipt of the report was the "present consequence" of that omission. The Court of Appeals for the Eleventh Circuit has explained, that "[t]he continuing tort doctrine, or the continuing violation principle, distinguishes between a single act that causes multiple, cascading harms, and recurrent, repetitive acts excepted from the running of the statute of limitations: A continuing tort is established by continual tortious acts, not by continual harmful effects from an original, completed act." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1042 (11th Cir. 2014) (internal quotations and citations omitted). The withdrawal of the job offer and the ban on employment are the harmful effects from the original completed act.

Last, Plaintiff asserts that the Court erred by granting the United States' motion to dismiss because it was based on "falsified documents" and "scandalous/or fraudulent

11

documents" that were heard at oral argument on November 30, 2017 (doc. 57, p. 1-2). Plaintiff states that he timely filed a motion to strike pursuant to Fed. R. Civ. P. 12(f) and for sanctions pursuant to Fed. R. Civ. P. 11 for the "bad faith conduct" on the Defendant. *Id.* This conclusory argument is without merit and frivolous. Plaintiff does not provide the Court with any explanation as to how the Court erred. Instead, he simply states that an error was made.

Accordingly, as set forth herein, the Court finds that Plaintiff's issues on appeal are without arguable merit and thus frivolous. Therefore, the appeal is not taken in good faith and Plaintiff's motion is DENIED.

Plaintiff also moves the Court to waive the fee for the transcript of the hearing before the Magistrate Judge (doc. 57, p. 1). Pursuant to 28 U.S.C. § 753(f) "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." Because the Court has found that Plaintiff's issues on appeal are frivolous, his motion to waive the fee for the transcript is DENIED.

DONE and ORDERED this the 22nd day of June 2018.

                                       **/s/ Kristi K. DuBose**
                                       **KRISTI K. DuBOSE**
                                       **CHIEF UNITED STATES DISTRICT JUDGE**